IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AOK LLC,<br><br>           Plaintiff,<br><br>vs.<br><br>JANE E. SUSSENBACH, as Personal Representative of the Estate of Robert Harold Shiley, deceased;<br><br>           Defendant. | 8:22CV133<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on Defendant's Motion for Summary Judgment (Filing No. 18). For the reasons explained below, the motion will be denied.

**FACTS**

      On October 7, 2017, Defendant's decedent, Robert Harold Shiley (Mr. Shiley"), and Plaintiff's principal, Brad Aman ("Mr. Aman"), were present on a taxiway at the North Platte Regional Airport. (Filing No. 1.) Plaintiff's aircraft suffered damage after striking its propeller in mud just off the taxiway. (Filing No. 1.) Plaintiff contends that Aman was forced to maneuver to the side of the taxiway to avoid a collision with Mr. Shiley's aircraft. (Filing No. 1.) Defendant Jane Sussenbach ("Defendant") is Mr. Shiley's daughter. Defendant's affidavit offered in support of her Motion for Summary Judgment states that she spoke to Mr. Shiley about an incident at the North Platte Regional Airport on only one occasion and that Mr. Shiley never told her that an additional aircraft or party was involved in the incident. (Filing No. 20-12.)

      On February 19, 2020, Mr. Shiley passed away in Colorado. (Filing No. 20-5.) At the time of his death, Mr. Shiley was a resident of Highlands Ranch, Colorado. (Filing No. 20-5.) On April 9, 2020, Defendant was appointed Personal Representative in the Matter of the Estate of Robert Harold Shiley in the District Court for Douglas County, Colorado. (Filing No. 20-5.) On April

30, May 7, and May 14, 2020, Defendant, as Mr. Shiley's personal representative, published the applicable notice to creditors required by Colorado law.[1] (Filing No. 20-12.)

On July 14, 2020, Plaintiff's attorney, Jared Schneider ("Mr. Schneider"), mailed a letter and emailed a copy to Thomas Bovre ("Mr. Bovre"), who was a claims adjuster for Mr. Shiley's insurance company. (Filing No. 20-6.) Mr. Schneider requested that Mr. Bovre reconsider Plaintiff's claim for damages stemming from the incident at the airport. (Filing No. 20-6.) The communication between Mr. Schneider and Mr. Bovre on July 14, 2020 included a draft complaint. (Filing No. 20-6.) The draft complaint named Mr. Shiley as the defendant and alleged negligence and gross negligence. (Filing No. 20-6.) On July 17, 2020, Mr. Bovre informed Mr. Schneider via email that he would continue to deny compensation. (Filing No. 20-7.) On July 22, 2020, Mr. Schneider acknowledged receipt of Mr. Bovre's response. (Filing No. 20-7.)

On September 23, 2021, Plaintiff filed suit against Mr. Shiley in the District Court for Lincoln County, Nebraska. (Filing No. 20-8.) On September 28, 2021, Plaintiff filed a praecipe for summons with the District Court of Lincoln County, Nebraska, to serve Mr. Shiley in Douglas County, Colorado, at 7171 Forest Ridge Circle, Castle Rock, Colorado. (Filing No. 20-9.) On October 5, 2021, Deputy Sheriff James Lakomy of Douglas County, Colorado, returned the 2021 praecipe for summons to Plaintiff, having failed to serve Mr. Shiley. (Filing No. 20-10.)

On March 14, 2022, Plaintiff filed a second complaint, identified by Plaintiff as an amended complaint, in the state court action that removed Mr. Shiley as a party and named Jane Sussenback, as Personal Representative of the Estate of Robert Harold Shiley, as the defendant. (Filing No. 20-1.) The second complaint set out the same claims as the original complaint. (Filing No. 20-1.) Defendant was served with the second complaint on March 17, 2022. (Filing No. 20-11.) Defendant's affidavit offered in support of her Motion for Summary Judgment states that prior to March 17, 2022, she was unaware of any pending or potential litigation against Mr. Shiley. (Filing No. 20-12.) This suit was removed to federal court based on diversity jurisdiction on April 11, 2022. (Filing No. 1.)

---

[1] On February 24, 2022, Defendant filed the requisite probate pleading in Colorado to close Mr. Shiley's estate. (Filing No. 20-12.)

2

## STANDARD OF REVIEW

Summary judgment is proper if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "The movant bears the initial responsibility of informing the district court of the basis for its motion and must identify those portions of [the record] . . . which it believes demonstrate the absence of a genuine issue of material fact." Torgerson v. City of Rochester, 643 F.3d 1031, 1042 (8th Cir. 2011) (quotation omitted). If the movant does so, "the nonmovant must respond by submitting evidentiary materials that set out specific facts showing that there is a genuine issue for trial." Id.

"On a motion for summary judgment, facts must be viewed in the light most favorable to the nonmoving party only if there is a genuine dispute as to those facts." Id. "Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge." Id. However, the nonmovant "must do more than simply show that there is some metaphysical doubt as to the material facts." Id. "In order to show that disputed facts are material, the party opposing summary judgment must cite to the relevant substantive law in identifying facts that might affect the outcome of the suit." Quinn v. St. Louis Cty., 653 F.3d 745, 751 (8th Cir. 2011) (quotation omitted). "The mere existence of a scintilla of evidence in support of the nonmovant's position will be insufficient; there must be evidence on which the jury could reasonably find for the nonmovant." Barber v. C1 Truck Driver Training, LLC, 656 F.3d 782, 791-92 (8th Cir. 2011) (quotation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." Torgerson, 643 F.3d at 1042 (quotation omitted).

## DISCUSSION

Defendant argues Plaintiff's claim is barred by the four-year statute of limitations.[2] *See* Neb. Rev. Stat. § 25-207. Defendant contends the original complaint was a legal nullity because it was filed against a deceased individual. Defendant also contends the elements required to meet the "relation back" doctrine have not been satisfied. Defendant argues that because she is an "added," rather than "substituted" party, relation back to the filing of the original complaint for purposes of the statute of limitations is not allowed.

---

[2] The parties agree that Nebraska's four-year statute of limitations is applicable in this case.  (Filing No. 20-12.)

3

Plaintiff argues the suit is not barred by the statute of limitations because the original complaint was cured through amendment, such that it is not a legal nullity, and the amended complaint relates back to the filing of the initial complaint. Plaintiff further contends that the question of whether Defendant was "substituted," as opposed to "added," is immaterial and, even if this distinction mattered, Defendant was substituted so relation back is not precluded. Plaintiff further argues that there needs to be discovery regarding whether the elements for relation back have been satisfied. Also, Plaintiff contends that even if the elements of relation back have not been met, the statute of limitations should be equitably tolled because Plaintiff exercised due diligence in locating Mr. Shiley and could not reasonably have known that Mr. Shiley passed away.

1.  **Legal Nullity and Amendment**

Defendant asserts this suit is barred by the statute of limitations because the initial complaint was filed against a deceased individual and is therefore a legal nullity incapable of amendment. In support of her argument, Defendant cites to *Crenshaw v. Special Administrator of the Estate of Ayers*, 2011 Ark. 222 (2011) in which the Arkansas Supreme Court held that a complaint that named a deceased individual as the defendant was a nullity and, as such, not subject to amendment or relation back. The court reasoned that "[a] complaint naming a deceased person as the defendant constitutes a defect that fails to invoke the jurisdiction of the court because there must be an entity in being at the time the complaint is filed." *Id.* at 6. Accordingly, the court determined that a second complaint naming the decedent's special administrator as the defendant began an entirely new lawsuit and was subject to the statute of limitations that had already expired.

The Arkansas state court opinion in *Crenshaw* appears to lend some support to Defendant's proposition that Plaintiff's original complaint was a legal nullity and therefore incapable of amendment or relation back. However, the question of whether an amended pleading relates back to the filing of the original complaint is one of procedure and governed by federal law in this diversity action. *Crowder v. Gordons Transports, Inc.*, 387 F.2d 413, 416 (8th Cir. 1967) ("We are of the view that the issue of relation back is one of procedure and is controlled by the Federal Rules of Civil Procedure"); *Thomas v. Bd. Of Trustees of the Nebraska State Colleges & Joshua Keedle*, No. 8:12-CV-412, 2014 WL 12577380, at *2 (D. Neb. Feb. 3, 2014) (applying Federal Rule of Civil Procedure 15(c) where state statute of limitations was at issue). Federal Rule of Civil

4

Procedure 15(c) governs the relation back of amendments to the pleadings.[3] Fed. R. Civ. P. 15(c). Federal courts have concluded that where the relation back requirements of Federal Rule of Civil Procedure 15(c) are satisfied, actions filed against deceased individuals are not legal nullities and can be cured through amendment.

For instance, in *Loudenslager v. Teeple*, 466 F.2d 249 (3d Cir. 1972), the plaintiff filed suit against a deceased individual. After the statute of limitations had expired, the plaintiff moved to amend the complaint to name the personal representative of the estate as the defendant. The motion was denied by the district court on the basis that the complaint was a nullity and could not be amended. On appeal, the Third Circuit Court of Appeals reversed, finding the question of whether amendment was allowed was governed by federal law and that amendment was permissible because the requirements of Rule 15(c) had been satisfied. *See also United States v. Estate of Schoenfeld*, 344 F. Supp.3d 1354, 1361-62 (M.D. Fla. 2018) (finding complaint filed against a deceased defendant was not a legal nullity and amended complaint could relate back to the initial complaint). *See also Russell v. New Amsterdam Cas. Co.*, 303 F.2d 674, 675-76 (8th Cir. 1962) (allowing wife who filed action in her individual capacity as heir of deceased husband to amend her complaint to sue as personal representative after statute of limitations expired). The Court finds this federal authority persuasive and, as such, finds the original complaint was not a legal nullity.

Because the statute of limitations expired before the amended complaint was filed, this action is subject to dismissal unless the amended complaint relates back to the filing of the original complaint. Federal Rule of Civil Procedure 15(c) provides that an amendment relates back to the date of the original pleading when:

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading; or

---

[3] The Nebraska Supreme Court has also acknowledged that due to the similarity between Fed. R. Civ. P. 15(c) and Nebraska case law, it looks to federal decisions for guidance in applying the relation-back doctrine. *Smeal v. Olson*, 263 Neb. 900, 644 N.W.2d 550 (2002).

> (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:
>
>> (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
>
>> (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Fed. R. Civ. P. 15(c)(1). Rule 4(m) requires service of summons and a complaint within 90 days after a complaint is filed. Fed. R. Civ. P. 4(m). "Rule 15(c)(1)(C)(i) simply requires that the prospective defendant has received sufficient notice of the action within the Rule 4(m) period that he will not be prejudiced in defending the case on the merits . . . . the notice need not be formal." *Kruspki v. Costa Crociere S. p. A*., 560 U.S. 538, 554, n.5 (2010) (citing Advisory Committee Notes to the 1966 Amendment). *See also* Baez v. JetBlue Airways, 745 F. Supp.2d 214 (E.D.N.Y. 2010) ("A defendant need not have received formal notice in the form of a summons and complaint [for relation back to apply]; it is sufficient that such notice occur through informal means.").

Defendant argues the requirements for relation back under Rule 15(c)(1)(C) are not satisfied because she was not aware of the suit until she was served on March 17, 2022. In an affidavit submitted in support of her Motion for Summary Judgment, Defendant contends she was "blindsided" when she was served and that she only spoke to her father about an "incident" at the North Platte airport on one occasion. Defendant asserts her father did not tell her another plane or party was involved in the incident. Defendant's affidavit states that prior to March 17, 2022, she had no knowledge of any pending or potential litigation.

However, the evidence also shows that by July, 2020, Mr. Shiley's insurer was aware of a potential suit. By that time, Mr. Shiley had been deceased for approximately five months and Defendant was the personal representative of his estate. It is unclear whether Mr. Shiley's insurer ever communicated with Defendant about the matter or if Defendant received any paperwork concerning the claim or suit.

6

Viewing the evidence in the light most favorable to Plaintiff, genuine issues of material fact exist as to Defendant's awareness of this suit, prejudice, and whether Defendant knew or should have known that the action would have been brought against her, but for a mistake of identity. While Defendant maintains she had no knowledge of this action until she was served, the Court cannot make credibility determinations at the summary judgment stage. Because factual questions pertaining to relation back still exist, summary judgment cannot be awarded at this time. *See Davis v. Ridder*, 309 Neb. 865, 876–77 (2021) (indicating that the defendant's knowledge of the suit for the purpose of applying the relation back doctrine may present a genuine issue of fact precluding summary judgment); *Baez,* 745 F. Supp.2d 223 (denying motion to dismiss because record was insufficient for the court to determine whether the defendant had timely notice of the plaintiff's claims for relation back and ordering discovery). Following additional discovery, Defendant may reassert her summary judgment motion.[4]

Subsequent to the filing of the summary judgment motion, the parties filed a joint motion to amend the progression order. (Filing No. 26.) This request will be granted. The parties will be directed to confer and submit a jointly proposed progression schedule.

Accordingly,

**IT IS ORDERED** that Defendant's Motion for Summary Judgment (Filing No. 18) is denied without prejudice to reassertion at a later date. The Joint Motion for Leave to Amend Scheduling Order (Filing No. 26) is granted. The parties shall confer and submit jointly proposed case progression deadlines to bazis@ned.uscourts.gov by December 6, 2022.

Dated this 22nd day of November, 2022.

                                                                BY THE COURT:

                                                                s/ Susan M. Bazis
                                                                United States Magistrate Judge

---

[4] This case is in its relatively early stages, and discovery had not occurred in this case prior to the time Defendant filed her summary judgment motion. This case was removed to this Court on April 11, 2022. A progression order was entered setting September 29, 2022 as the deadline for completion of written discovery and February 24, 2023 as the deposition deadline. The summary judgment deadline was set as March 17, 2023. (Filing No. 17.) Defendant filed the instant Motion for Summary Judgment on August 15, 2022—well in advance of those deadlines.